

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0486-23

**ELIJAH TATES, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## BRAZOS COUNTY

**KEEL, J., filed a dissenting opinion.**

## DISSENTING OPINION

Appellant forfeited his statutory right to personal presence when he failed to object to his appearance via videoconference at his non-jury punishment hearing. Because the Court holds otherwise, I respectfully dissent.

## I.    *Marin* Categories

*Marin* sorted our error-preservation rules into three categories: (1) absolute requirements and prohibitions that cannot be waived, (2) rights that must be implemented

unless expressly waived, and (3) rights that are implemented upon request or else forfeited. 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Most rights, including constitutional rights, are forfeitable. *Id.*; *Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024). Forfeitable rights include the right to challenge a statute's constitutionality, avoid prosecution outside the statute of limitations, confront witnesses, present a complete defense, and keep a jury free from outside influence. *Cruz*, 698 S.W.3d at 268.

Forfeitability "is premised on both an appellant's knowledge of and failure to challenge an issue." *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). A defendant "may not be faulted for failing to object when he or she was simply not given the opportunity to do so." *Id.* So, for example, court costs imposed without a defendant's knowledge or opportunity to object may be challenged for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014). Otherwise, only rights that are "fundamental to the proper functioning of our adjudicatory system" fall into *Marin*'s first two categories of non-forfeitable rights. *Id.* (quoting *Marin*, 851 S.W.2d at 278).

*Marin* did not define or identify fundamental rights; the right at issue in that case—an indigent defendant's right to ten days after appointment of counsel to prepare for trial—was obviously not forfeitable. *Id.* at 280. Still, *Marin* said, "All but the most fundamental rights" are forfeitable, many constitutional rights are forfeitable, and "relatively few" are non-forfeitable. *Id.* at 279. But its further efforts to distinguish the categories were circular or opaque. It asserted, for example, that non-forfeitable rights

are characterized by their non-forfeitability. *Marin*, 851 S.W.2d at 278. And it said that assigning a right to a category "will usually settle the question of procedural default in the context of a particular case." *Id.* at 279. But it did not formulate a method for assigning rights or requirements to its categories.

We have since suggested that a mandatory statute explicitly directed at the trial judge may indicate a non-forfeitable right. *Proenza*, 541 S.W.3d at 798. But mandatory language is neither a necessary nor a sufficient condition for deeming a statutory right or requirement to be non-forfeitable. On one hand, for example, our jury waiver statute directs its mandate to the defendant, not the trial judge. *See* Tex. Code Crim. P. art. 1.13(a). Still, it enshrines a waivable-only right under *Marin*'s terms. *Marin*, 851 S.W.2d at 280 (waiver must happen "plainly, freely, and intelligently, sometimes in writing and always on the record"). On the other hand, Article 42.15(a-1) mandates a trial court to inquire about a defendant's ability to pay costs; it says "a court shall inquire" about it. Tex. Code Crim. P. art. 42.15(a-1). But even so, the statute's mandate is forfeitable. *Cruz*, 698 S.W.3d at 269. Mandatory language directed at a trial judge is not a test of fundamentality as much as a description of many procedural statutes. Something more is required to deem a right or requirement fundamental. *Id.* at 270.

We found something more with the rights to be (1) tried free of judicial bias expressed in the jury's presence, (2) sentenced by a judge who knows the range of punishment, and (3) served by an interpreter if the judge is aware of a language barrier. *Proenza*, 541 S.W.3d at 801 (judicial bias); *Grado*, 445 S.W.3d 736, 741 (Tex. Crim.

App. 2014) (knowledgeable sentencing judge); *Garcia*, 149 S.W.3d 135, 144 (Tex. Crim. App. 2004) (interpreter). These rights are "so fundamental to the proper functioning of our adjudicatory process" as to be non-forfeitable, and our opinions about them shed some light on what may be "fundamental."

*Proenza* addressed Article 38.05's prohibition against judicial commentary on the weight of the evidence in the jury's presence. *See* Tex. Code Crim. P. art. 38.05. The prohibition was "fundamental" and non-forfeitable because its violation would cast doubt on the trial judge's impartiality, and the adversarial system depends on or at least assumes such impartiality. *Proenza*, 541 S.W.3d at 799. An objection to such comments would be "futile at best" or even counterproductive because it would highlight for the jury the judge's antipathy to the defense. *Id.* And requiring an objection to a judge's expression of bias would risk undermining public confidence in the judicial system. *Id.* at 799-800.

*Grado* deemed fundamental the right to a sentencing judge who knows the correct range of punishment because such knowledge implicates "the integrity of judicial sentencing proceedings." 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). A judge's failure to consider the correct range of punishment risks "undermining the principle that the judicial system applies equally the range of punishment to all offenders." *Id.*; *see also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (acknowledging a defendant's right to obtain relief from an illegal sentence on appeal or habeas).

*Garcia* held that the right to an interpreter is non-forfeitable if the judge knows

about the defendant's language barrier. "In these circumstances, the judge has an independent duty to implement this right in the absence of a knowing and voluntary waiver by the defendant." 149 S.W.3d 135, 145 (Tex. Crim. App. 2004). "It would be illogical to require a non-English-speaking defendant to assert his right to an interpreter in a language he does not understand when he may very well be unaware that he has the right in the first place." *Id.* at 144. Garcia "deserved more than to sit in total incomprehension as the trial proceeded." *Id.* at 146. Without an interpreter, he was subjected to a Kafkaesque scenario. *Id.* at 145-46.

But Article 33.03 implicates no such concerns, it anticipates forfeiture, and its constitutional analogs are themselves forfeitable, so we should deem its requirement forfeitable, too.

## II. Analysis

Article 33.03's right to presence does not implicate the concerns at issue in *Proenza*, *Grado*, or *Garcia* or anything like them. Appellant was not prevented by a language barrier—or anything else—from objecting to the Zoom format of his hearing, and neither was his lawyer. An objection would have cost the defense nothing, and it would not likely have been futile or counterproductive; Appellant did not face a hostile judge whose antipathy towards the defense would have been highlighted for the jury by an objection to the Zoom format. And requiring an objection to preserve a complaint under Article 33.03 would not jeopardize the equal application of punishment ranges or cast the judicial system in a bad light. On the contrary, encouraging the prevention and

early correction of errors is a good thing.   *See Saldano v. State*, 70 S.W.3d 873, 887

(Tex. Crim. App. 2002) (noting the utility of error preservation).

Article 33.03 anticipates forfeiture of the right to presence in the case of a

voluntarily absent defendant; it is otherwise silent about error preservation.   Under the

statute's terms, a felony defendant who voluntarily absents himself after voir dire loses

his right to be present at his trial.   No on-the-record, intelligent, voluntary

relinquishment of a known right is required.   *See Marin*, 851 S.W.2d at 280 (defining

waiver).   Voluntary absence under Article 33.03 is not any kind of waiver because it is

unwarned.   By contrast, a defendant can "lose his [constitutional] right to be present at

trial" because of his disruptive actions only if the judge warns him that his continued

disruptions will cause his removal.   *Illinois v. Allen*, 397 U.S. 337, 343 (1970).   Without

a warning, there is no waiver, so Article's 33.03 anticipates only a forfeiture and not a

waiver.   Furthermore, we have already held that Article 33.03's right to presence is

forfeitable.   *Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003); *see also*

*United States v. Gagnon*, 470 U.S. 522, 529 (1985) (deciding that defendants' knowing

failure to object to their lack of presence at in-chambers discussion during trial "waived"

their right); *but see Marin*, 851 S.W.2d at 280 (losing a right by failing to assert it,

"[a]lthough often called a waiver," is a forfeiture).

The Legislature knows how to write a *Marin* waiver.   *E.g.*, Tex. Code Crim. P. art

1.13(a) (jury waiver); 1.14 (waiver of indictment); 27.18 (waiver of in-person plea

proceeding); 36.29 (c) (waiver of verdict by twelve jurors).   But it did not write Article

33.03 that way. It is perverse to impose a *Marin* waiver requirement onto a statute whose only mention of preservation is a narrowly defined forfeiture. And doing so yields absurd results: a more lenient preservation requirement granted by judicial fiat to the defendant who can object—the remotely present one—than the Legislature granted to the wholly absent one who cannot.

Article 33.03's constitutional analogs—the rights to confrontation and due process—are themselves forfeitable. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (confrontation); *Anderson v. State*, 301 S.W.3d 276, 279-80 (Tex. Crim. App. 2009) (due process). And the Sixth Amendment may not apply at all to this post-conviction, non-jury punishment hearing. *See Betterman v. Montana*, 578 U.S. 437, 439 (2016) (holding that the Sixth Amendment speedy trial right does not apply after a guilty plea or finding of guilt). Since the constitutional basis for the right to presence may be forfeited, it offers no support for reading the statutory right as non-forfeitable.

The majority errs to impose a waiver requirement onto this statute.

## III.  Counterarguments

## A.  Statutory History

Article 33.03's predecessor statutes and cases decided under them are mostly irrelevant because, aside from the 1911 Code, in effect until 1925, none of the predecessors to Article 33.03 included the critical "voluntarily absent" proviso. And Article 33.03 has never contemplated the situation we face here—a virtually present

defendant.   Unlike the defendants from bygone years, Appellant was neither absent nor personally present.   He had the opportunity to object to his non-personal presence, but he did not, so we should recognize that he forfeited it.

## B.   Felonies vs. Misdemeanors

Appellant points to Article 33.03's requirement in felony cases that a defendant "be personally present" and contrasts that with the statute's requirement in misdemeanor cases that the defendant "be present."   *See* Tex. Code Crim. P. art. 33.03.   He says the difference signals a more important right in felony cases.   Even if it did, it would not make Article 33.03's right to presence non-forfeitable; many important rights are forfeitable.   His argument is also defective because it neglects the statute's use of the word "likewise."

Article 33.03 says that in felonies "the defendant must be personally present at the trial, and he must likewise be present" for trial of misdemeanors whose punishment includes incarceration.   Tex. Code Crim. P. art. 33.03.   "Likewise" means "in like manner."   WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1310 (2002).   A natural reading of Article 33.03 is (1) in a felony trial the defendant must be personally present, and (2) he must be present in like manner in misdemeanors that may be punished by incarceration.   The statute does not signify some different form of presence for the two types of cases, and it is unlikely that the Legislature considered videoconferencing a viable alternative to personal presence when the statute was enacted in 1965.   Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 442.   Back then,

videoconferencing and the internet were embryonic. The defendant either appeared in court or was absent, so "personal" presence could not have meant to distinguish between personal presence and the not-yet-developed "virtual" presence.

## IV.    Conclusion

Appellant forfeited his right to personal presence under Article 33.03. Since the majority holds otherwise, I respectfully dissent.


Filed:   July 2, 2025

Publish